JOURNAL ENTRY and OPINION
{¶ 1} Defendant Reginald Buckhanon pleaded guilty to two counts of aggravated vehicular assault and one count of driving while under the influence. The court sentenced Buckhanon to consecutive terms of 15 and 17 months on the aggravated vehicular assault counts, both counts to be served concurrently with a six-month sentence on the DUI count. Buckhanon argues that the court erred by imposing consecutive sentences because it failed to comply with the statutory requirements.
 {¶ 2} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if (1) the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds (a) the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct or (b) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. See R.C. 2929.14(E)(4). The court is also required to state orally its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c); State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26.
 {¶ 3} The court found that consecutive sentences were necessary to protect the public and punish the offender. The court found that consecutive sentences were not disproportionate to Buckhanon's conduct, and that the harm he caused was so great and unusual that a single term would not adequately reflect the seriousness of his conduct. The court went on to note that consecutive terms were needed to protect the public. These findings fully complied with the statute.
 {¶ 4} The court recited at length its reasons for making the above findings. The court noted that there were two victims who suffered very serious injuries as a result of the offense. Both victims required surgery and suffered economic harm and emotional harm. Buckhanon committed the offenses while under the influence, and had a past history of substance abuse. The court noted that Buckhanon had been given probation as sanctions for criminal conduct in prior cases, but that he had not responded and had "demonstrated a pattern of drug and alcohol abuse" which made the probability of recidivism" extremely high." The court offered even more reasons than these, but we need not examine them since those reasons we have cited amply support the findings for consecutive sentences.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Gallagher, J., concur.